1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5            FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7  UNITED STATES OF AMERICA,            )
                                        )    2:12-cr-00027-GEB-2
8                 Plaintiff,            )
                                        )
9            v.                         )    RULING RE PARTIES' OBJECTIONS
                                        )    TO PRESENTENCE REPORT
10 MAMTA SHARMA,                        )
                                        )
11                Defendant.            )
   _____)

12

13         Each party objects to certain portions of the Presentence

14 Report ("PSR"). The Government filed an untimely objection to the second

15 sentence of paragraph 9 of the PSR, arguing it is without factual

16 support. The referenced sentence states:

17         Later, to facilitate sham marriages so the Indian
           nationals could obtain permanent resident status in
18         the United States, Sharma, and Rani Rachana
           Singh-Lal would agree to prepare petitions and
19         applications falsely representing that various
           recruits had married or would marry Indian
20         nationals.

21         The government states it "is unaware of evidence directly

22 implicating Sharma or Singh-Lal in the actual preparation of petitions

23 submitted to immigration authorities" and that "the phrase Sharma, and

24 Rani Rachana Singh-Lal" in this sentence should be changed to "members

25 of the conspiracy." (Gov't Sentencing Memo. ("Gov't Memo.") 2:7-10

26 (internal quotation marks omitted).) Defendant agreed with the

27 government on this issue at the August 31, 2012 sentencing hearing, and

28 each party agreed that no ruling concerning this objection is necessary

                                   1

1  since I stated at the hearing that I would only consider the referenced

2  sentence as the Government stated it should read.

3  　　　　　Defendant Mamta Sharma ("Sharma") objects to Probation's

4  finding in the PSR that recommends she receive a three-level sentence

5  enhancement under Sentencing Guideline § 3B1.1(b) for her aggravating

6  role as a "manager or supervisor" in the offense. (Def.'s Formal Objs.

7  to Probation Rep. ("Def.'s Objs.") 2:3-5.) The basis for Probation's

8  three-level sentence enhancement recommendation under § 3B1.1(b) is as

9  follows: "defendant acted as a manager/supervisor and the criminal

10  activity involved five or more participants. Sharma instructed and

11  managed petitioners/recruits into entering into sham engagement." (PSR

12  ¶ 29.) Sharma argues this characterization is based on "unfounded

13  assumptions" and is "directly contradicted by the evidence." (Def.'s

14  Objs. 3:1-2.) Sharma further argues "there is no evidence that she

15  exercised any degree of control over another participant or that she

16  recruited anyone." Id. at 3:24-26. Sharma filed the affidavit of Sippy

17  Lal, her husband and co-defendant, in support of her objection. (Sippy

18  Lal Aff., Ex. A. to Def.'s Objs.) Lal avers facts in the affidavit which

19  contradict certain factual statements contained in the PSR concerning

20  Sharma's involvement with other participants.

21  　　　　　The Government counters that the enhancement applies, arguing

22  "ample evidence [exists] in the record to support the finding that

23  Sharma filled a managerial role." (Gov't Memo. 4:2-3.) The Government

24  supports its argument relying on statements of multiple petitioners,

25  which are recounted in the PSR, and the factual basis to Sharma's guilty

26  plea (ECF No. 53, 11-12). Id. at 4:4-22. Sharma agreed that the factual

27  basis was accurate when she entered her guilty plea, and she reaffirmed

28

2

1 her agreement with the factual basis during her interview with

2 Probation. (PSR ¶ 24.)

3          U.S.S.G. § 3B1.1(b) provides, in relevant part: "If the

4 defendant was a manager or supervisor . . . and the criminal activity

5 involved five or more participants . . . increase by 3 levels." "To

6 sustain a finding that a defendant played an aggravated role under

7 § 3B1.1, there must be evidence that the defendant exercised some

8 control over others involved in commission of the offense or was

9 responsible for organizing others for the purpose of carrying out the

10 crime." United States v. Riley, 335 F.3d 919, 929 (9th Cir.

11 2003)(citations, internal quotation marks and brackets omitted). "A

12 court may impose this enhancement if there is evidence that the

13 defendant exercised some control over others involved in the commission

14 of the offense or was responsible for organizing others for the purpose

15 of carrying out the crime." United States v. Whitney, 673 F.3d 965, 975

16 (9th Cir. 2012)(citations, internal quotation marks and brackets

17 omitted). "The government must present evidence sufficient to support

18 the upward adjustment by a preponderance of the evidence." United States

19 v. Maldonado, 215 F.3d 1046, 1051 (9th Cir. 2000).

20          Sufficient evidence exists in the sentencing record to

21 support, by a preponderance of the evidence, that Sharma occupied a

22 managerial or supervisory role in the criminal activity. The relevant

23 portion of Sharma's factual basis for her guilty plea states:

24          Lal and Sharma sometimes traveled with and escorted
           the recruits to and from India. While there, Sharma
25          dressed certain recruits in traditional Indian
           style, and provided guidance regarding appropriate
26          behavior at Indian engagement and wedding
           ceremonies . . . . On at least one occasion, Lal
27          and Sharma escorted a recruit and an Indian
           national to officials in the United States for the
28          purpose of performing a sham marriage[.]

3

1   (ECF No. 53, at 11-12.) Further, the following portions of the PSR are

2   uncontroverted, even though Sharma indicated she preserved an objection

3   to the finding, since she failed to make specific informal and formal

4   objections required by the objection procedure:

5         9.    . . . Sharma . . . and other conspirators
                traveled with and escorted some of the
6               recruits to and from India. Lal and Sharma
                would coach the recruits, telling them to take
7               photographs with the Indian nationals in
                different clothing to give the impression that
8               the marriages were legitimate. Sharma would
                coach them on the traditional Indian style of
9               clothing, engagement, and wedding ceremonies.

10        . . . .

11        18.   In November 2008, a woman named Sarah agreed
                to participate in the scheme for monetary
12              payment. . . . Sharma prepared Sarah for the
                engagement ceremony. . . .

13
          19.   In 2006, Appria traveled with Lal and Sharma
14              and participated in a sham engagement. . . .

15  (PSR ¶¶ 9, 18, 19.) Local Rule 460(f) requires that Formal Objections

16  be in the form of "a concise memorandum of all objections and facts in

17  dispute[,]" which "specifically identify each item in the report which

18  is challenged as inaccurate or untrue[.]" E.D. Cal. R. 460(f).

19        The referenced uncontroverted facts and the inferences that

20  can reasonably drawn therefrom evince that the three-level enhancement

21  under § 3B1.1(b) applies. See United States v. Koenig, 952 F.2d 267, 274

22  (9th Cir. 1991)(affirming application of § 3B1.1(b) enhancement, stating

23  "[defendant's] notes also arguably indicate that he played some role in

24  educating and directing the group"); United States v. Rivera, 527 F.3d

25  891, 909 (9th Cir. 2008)(indicating evidence that defendant "directed"

26  other participants was sufficient to support application § 3B1.1(b)

27  enhancement). Further, an evidentiary hearing is unnecessary since the

28

1 | portions of the PSR which are controverted in Lal's affidavit were not

2 | considered in determining whether § 3B1.1(b) applies.

3 |     For the stated reasons, Sharma's objection to a three-level

4 | sentence enhancement under Sentencing Guideline § 3B1.1(b) is overruled.

5 | Dated:  August 31, 2012

7 |                                 
GARLAND E. BURRELL, JR.

8 | Senior United States District Judge